**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE:    SALEH AL YOUSSEF ) <br> Debtor ) <br> ) | Bankruptcy Case: 19-12420-JEB <br> Chapter 7 |
| WILLIAM K. HARRINGTON, UNITED ) <br> STATES TRUSTEE – REGION 1 ) <br> Plaintiff ) <br> ) | Adversary Proceeding: 21-01026 |
| SALEH AL YOUSSEF ) <br> Defendant ) |  |

## DEFENDANT'S *OPPOSITION* TO "MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO AMEND ANSWER"

NOW comes the Debtor-Defendant, Saleh Al Youssef, (hereinafter "Debtor"), by counsel, and respectfully opposes the "Motion for Judgment on the Pleadings or, in the alternative, to Amend Answer" (hereinafter "Motion") filed by the U.S. Trustee. (hereinafter "Trustee"). In support thereof, the Debtor states that he has appropriately and reasonably responded to all allegations or statements made by the Trustee in his complaint.

The Trustee in large part in his complaint states that a document says something and, often, provides his interpretation of that document. The Debtor reasonably responds that the document speaks for itself in such instances. Such a response is within the letter and spirit of the bankruptcy rules of procedure and case law. The Trustee wants the Debtor to make his case for him but he has no obligation to do so.

The Debtor further responds to each paragraph of the Trustee's Motion in the following fashion:

1. The Debtor admits the assertions in paragraph 1.

2. The Debtor admits the assertions in paragraph 2.

3. The Debtor denies the assertions in paragraph 3. The Debtor further states that his answers to the individual paragraphs of the complaint were more than within the confines of the bankruptcy rules of procedure and case law. Therefore, not only is granting judgment in favor of the Trustee not merited, no cause exists to Order an amendment to the Answer.

4. The Debtor admits the assertions in paragraph 4.

5. The Debtor admits the assertions in paragraph 5.

6. The Debtor admits the assertions in paragraph 6.

7. This paragraph does not require an admission or denial. The Trustee can consent to anything he wants presumably.

8. The Debtor admits the assertions in paragraph 8.

9. The Debtor states that these two paragraphs simply do not require or foundationally seek an admission or denial. They seek a legal opinion or assertion of legal obligation. The Debtor properly and reasonably answered them.

10. These two paragraphs simply restate what a transcript of a 341 meeting states or what a docket or document states. Indeed, the Trustee admits as much when he states in paragraph 61 that "public records available at the Massachusetts Secretary of the Commonwealth Corporations Division ("MSOC") website, the Documents, and the

Court's docket establish that…" The Debtor properly responded to theses paragraphs by noting such documentation speaks for itself. It was a proper and reasonable response.

11. Paragraph 11 states, in sum, that "the Defendant further fails to clearly explain his position". It is not quite clear what that statement means but a Debtor/ Defendant is only obligated to respond to a paragraph in a complaint in good faith within the confines of the bankruptcy rules of procedure and applicable case law to the extent he has knowledge of the facts stated in the paragraph to do so. And that is precisely what the Debtor did.

12. The Debtor denies that this paragraph correctly summarizes the Debtor's Answer.

13. The Trustee is incorrect in this assertion of the requirements of Federal Rule of Civil Procedure 8(b)(6). Rule 8(b)(6) says "(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Since the paragraphs the Trustee complains were not properly answered did not actually require a specific denial or admission because a responsive pleading was not required (i.e. the document speaks for itself), those paragraphs are either "considered denied or avoided".

14. Please see response to paragraph 13 above.

15. The Debtor is, of course, subject to the requirement of honesty in pleading. And he was entirely honest in his Answer. The Debtor denies the further negative assertions in paragraph 15.

16. The Debtor admits the assertions in paragraph 16.

17. The Debtor admits the assertions in paragraph 17.

18. The Debtor admits the assertions in paragraph 18.

19. The Debtor denies the assertions in paragraph 19.

20. The Debtor admits the assertions in paragraph 20.  The Debtor further states that granting judgment in favor of the Trustee or ordering an amendment to the Answer is not justified as the Debtor's answers to the above paragraphs delineate.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny all relief requested by the Plaintiff and for all other equitable and just relief in favor of the Debtor.

        Respectfully submitted,
        Defendant-Debtor, Saleh Al Youssef,
        By His Attorney,

        _/s/ James P. Ehrhard, Esq_____
        James P. Ehrhard, Esq. (BBO 651797)
        Ehrhard & Associates, P.C.
        250 Commercial Street, Suite 410
        Worcester, MA  01608
        (508) 791-8411
        ehrhard@ehrhardlaw.com

Dated: July 13, 2021

CERTIFICATE OF SERVICE

    I, James P. Ehrhard, on this 13th day of July, 2021 do hereby certify that I served a copy of the above Opposition to the parties listed below via first class mail if not noted as having received electronic service via the ECF system:

    Paula R.C. Bachtell, Esq. VIA ECF

                                                      /s/ James P. Ehrhard
                                                    James P. Ehrhard, Esq.

Dated: July 13, 2021