

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:*<br><br>SALEH AL YOUSSEF,<br>    Debtor<br><br>WILLIAM K. HARRINGTON,<br>    Plaintiff,<br><br>*v.*<br><br>SALEH AL YOUSSEF,<br>    Defendant | Ch. 7<br>19-12420-JEB<br><br>Adversary Proceeding<br>21-01026-JEB |

**Further Pretrial Order**

1. **Amendment of Prior Order**. The Pretrial Order dated June 10, 2021, as amended by the Order dated November 1, 2021, is further amended as follows:

    The deadline for the completion of discovery is extended to **March 31, 2022**.

Except as expressly amended hereby, the Pretrial Order shall remain in effect.

2. **Amendment and Joinder Deadlines**. The deadline for amending the pleadings and for joining other parties is **March 17, 2022**.

3. **Dispositive Motions**. Any dispositive motion must be filed by **May 13, 2022**.   If a dispositive motion is filed, then the Court will set a hearing and briefing schedule. If a dispositive motion is filed, the Court will set a new deadline for the Joint Pretrial Memorandum after ruling on the dispositive motion.

4. **Joint Pretrial Memorandum**. Absent further order of the Court, the parties are ordered to file a Joint Pretrial Memorandum by **May 20, 2022**. The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.  The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

    a. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

    b. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

    c. Facts to which the parties have stipulated.

    d. The issues of fact which remain to be litigated. The issues of law to be determined.

    e. A brief summary of each party's case.

    f. The name, address, and telephone number of each witness, separately identifying the witnesses each party expects to present and those witnesses to be called only if the need arises. If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

    g. A list of witnesses whose testimony will be presented by means of a deposition.

    h. A statement confirming that the parties have exchanged exhibits.

    I. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

    j. Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

    k. An estimated length of trial.

If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum

5. **Further Pretrial Hearing**. After receiving the Joint Pretrial Memorandum, the Court will schedule a further pretrial hearing.

6. **Failure to Comply with this Order**. This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may,

pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

Dated: 2/2/2022

By the Court,

*[signature]*

Janet E. Bostwick
United States Bankruptcy Judge